**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN JUDITH RODRIGUEZ,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>HOSPITAL METROPOLITANO CABO ROJO,<br>ET ALS.,<br><br>　　　Defendants. | CIV. NO. 08-1788 (PG) |

**OPINION AND ORDER**

Pending before the Court is third party defendant SIMED's motion to dismiss (Docket No. 67). For the reasons set forth below, the Court **GRANTS** its request.

### I. BACKGROUND

On July 18, 2008, plaintiff Carmen Judith Rodriguez ("Rodriguez" or "Plaintiff") filed the above-captioned claim against several defendants including Hospital Metropolitano de Cabo Rojo ("Hospital"). In the complaint, Plaintiff alleges that the treating physicians and the caring hospital breached their duty under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. §§ 5141-5142 ("Article 1802" and "Article 1803"), to provide medical care and treatment to the Plaintiff's deceased mother, Carmen Vega Cabassa, in compliance with the applicable standards of the medical profession. Federal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332.

On June 9, 2009, the Hospital filed a third party complaint against Dr. Rolando Ortiz ("Dr. Ortiz") and SIMED, an insurance company that at the time of the events was the insurance carrier for Dr. Ortiz. See Docket No. 39. Therein, the Hospital alleges that pursuant to Plaintiff's expert report, Dr. Ortiz deviated from the good practice of medicine in its treatment of the deceased, Carmen Vega Cabassa. See Docket No. 39 at ¶ 3. Accordingly, the Hospital requests that if it is found liable for any of the allegations in Plaintiff's complaint, Dr. Ortiz and its insurer SIMED be held liable for any negligent acts or omissions that Dr. Ortiz may have committed and that contributed to the damages alleged in the complaint. See Docket No. 39 at ¶ 6.

CIV. NO. 08-1788 (PG)                                                    Page 2

SIMED filed a motion requesting all claims against it be dismissed inasmuch as, at the time the claim was filed against Dr. Rolando Ortiz, there was no insurance policy issued in his favor. See Docket No. 67. The motion stands unopposed. See Docket No. 74.

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)).

Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to

CIV. NO. 08-1788 (PG)                                                    Page 3

dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

In its motion to dismiss, SIMED submits that the claims-made insurance policy issued to Dr. Rolando Ortiz had an effective date from February 2, 2009, an expiration date of February 2, 2010, and a retroactive date of February 2, 1998. However, according to SIMED, the policy was cancelled on May 27, 2009 by the insured's family due to his death. See Docket No. 67. Pursuant to the policy's language, the policy does not apply to any claims that occur subsequent to the termination date of the insurance or to any claim first made against the insured after the termination of the policy. See Docket No. 67-2. In addition, SIMED submits that Dr. Ortiz's estate did not purchase the Tail coverage ("Optional Extended Reporting Period for Specific Circumstances") described in Section XI of the policy. This clause provides the insured with the option of extending for an unlimited duration the period during which claims may be reported and covered after termination of the policy. See Docket No. 67-2. In support of its contentions, SIMED submits a certified copy of the policy and a sworn statement from Maria del Carmen Alfonso Valle, SIMED's Underwriting Manager. See Docket No. 67.

"An 'occurrence' policy protects the policyholder from liability for any act done while the policy is in effect, whereas a 'claims made' policy protects the holder only against claims made during the life of the policy." Sarsfield v. Great American Ins. Co. of New York, No. 08-1890, 2009 WL 1875327, at *4 (1st Cir. July 1, 2009) (citing St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 535 (1978)). Accordingly, in the context of claims-made policies, the

CIV. NO. 08-1788 (PG)                                                    Page 4

determinative event is the timing of the claim. See Edwards v. Lexington Ins. Co., 507 F.3d 35, 41 (1st Cir.2007).

In the case at hand, the third party claim against the insured, Dr. Rolando Ortiz, was filed on June 9, 2009, see Docket No. 39, and according to the uncontested submissions of third party defendant SIMED, the policy was cancelled just days before, on May 27, 2009. The insurance policy being a claims-made policy, we are forced to conclude that the third party claim against the insured falls outside of the policy period, and thus, SIMED has no duty to indemnify for the present cause of action. Accordingly, the third party claim against it is hereby **DISMISSED WITH PREJUDICE.**

### IV. CONCLUSION

For the reasons stated above, SIMED's request for dismissal (Docket No. 67) is hereby **GRANTED,** and therefore, the Hospital's third party claim against SIMED is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 17, 2010.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE